# IN TH UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVIN KNIGHT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LAW OFFICES OF HAYT, HAYT & LANDAU, LLC<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff DEVIN KNIGHT, (hereinafter, "Plaintiff"), a Pennsylvania resident, brings this class action complaint by and through the undersigned attorneys against Defendant LAW OFFICES OF HAYT, HAYT & LANDAU, LLC (hereinafter "Defendant" or "HHL"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of Pennsylvania consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of Pennsylvania and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with an office located at Two Industrial Way West, Eatontown, NJ 07724-0500.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to March 13, 2017, an obligation was allegedly incurred to CAPITAL ONE BANK, N.A.

12. The CAPITAL ONE BANK, N.A. obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

13. The alleged CAPITAL ONE BANK, N.A. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14. CAPITAL ONE BANK, N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

15. On or about March 13, 2017, the Defendant filed a lawsuit against the Plaintiff in an attempt to collect the alleged CAPITAL ONE BANK, N.A. debt. *See* **Exhibit A.**

16. At that time, and all times thereafter, the alleged debt was $3,851.24. *See* **Exhibit B.**

17. The Complaint was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

18. The Complaint is a "communication" as defined by 15 U.S.C. §1692a(2).

19. The Complaint sought to collect the alleged unpaid balance of $4,022.74 together with costs of $171.50.

20. Upon information and belief, the amount they were seeking to collect ($4,022.74) already included the costs of $171.50. As such, Defendant was illegally attempting to collect the costs twice from the Plaintiff.

21. Upon information and belief, Defendant has a pattern and practice of adding the costs into the unpaid balance and seeking costs on top of that.

22. By failing to accurately state the amount of the debt, Defendant violated the FDCPA and harmed the Plaintiff.

23. The Plaintiff was harmed by being misrepresented as to the amount of the debt, by being subjected to abusive collection practices which he had a substantive right to be free

from, and by the Defendant attempting to charge amounts they are not entitled to.

## CLASS ALLEGATIONS

24. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class:

> Class A, consisting of: a) All consumers who have an address in the State of Pennsylvania b) who Defendant filed suit c) attempting to collect a consumer debt d) that added in the costs to the unpaid balance and sought to collect costs on top of that e) which was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

25. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

26. Excluded from the Plaintiff Classes is the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

27. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692f.

28. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

29. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

30.  This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)  **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b)  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692f.

(c)  **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)  **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

31. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### U.S.C. §1692e *et seq.*

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

34. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

35. Section 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

    **Without limiting the application of the foregoing, the following is conduct is a violation: . . .**

37. The Defendant violated said section by:

- Falsely representing the amount, character, or legal status of the debt in violation of §1692e(2),

- The use of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a debt in violation of §1692e(10).

37. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

40. Section 15 U.S.C. §1692f(1) provides that a debt collector cannot collect any amount unless authorized by the agreement creating the debt or permitted by law.

41. The Defendant violated said section by seeking to collect an amount that it was not legally allowed to collect.

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Mark G. Moynihan, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 12, 2018          /s/ Mark G. Moynihan
                               Mark G. Moynihan, Esq.
                               PA 307622
                               MOYNIHAN LAW, P.C.
                               112 Washington Place, Suite 230
                               Pittsburgh, PA 15219
                               412-889-8535
                               mark@moynihanlaw.net
                               *Attorneys for Plaintiff*